DISCIPLINARY COUNSEL *v.* AVIROV STEMPER.

[Cite as *Disciplinary Counsel v. Avirov Stemper,*
103 Ohio St.3d 104, 2004-Ohio-4656.]

(No. 2004–0414—Submitted April 14, 2004—Decided September 15, 2004.)

**Per Curiam.**

{¶ 1} Respondent, Lisa B. Avirov Stemper, last known address in Dayton, Ohio, Attorney Registration No. 0031972, was admitted to the practice of law in Ohio in 1982. On April 14, 2003, relator, Disciplinary Counsel, filed a five-count complaint charging respondent with numerous violations of the Code of Professional Responsibility. Respondent was served the complaint on April 15, 2003, but did not answer. On June 23, 2003, relator moved for default.

{¶ 2} A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion for default, making findings of fact, conclusions of law, and a recommendation, all of which the board adopted. Overall, the board found that respondent had engaged in a pattern of misconduct ranging over 17 years. Among other infractions, respondent has failed to comply with orders of this court, including an order suspending her license to practice, lied to clients and colleagues, and forged clients' signatures on legal documents.

Count One

{¶ 3} The board found that respondent had repeatedly failed to comply with the continuing legal education ("CLE") requirements of Gov.Bar R. X. On April 23, 1993, respondent was fined $700 for CLE deficiencies that occurred during the 1990–1991 biennium. Prior to this order, respondent had failed to respond to our order to show cause why the $700 fine should not be imposed. The April 23, 1993 order required respondent to pay her fine by May 21, 1993, but respondent did not comply.

{¶ 4} On August 11, 1995, respondent was fined $540 for CLE deficiencies that occurred during the 1992–1993 biennium. At the same time, respondent's law license was suspended for nonpayment of the previous fine and because she had

committed a second consecutive incident of noncompliance. Prior to this order, respondent had again failed to respond to our order to show cause, dated March 24, 1995, which advised that she could avoid a suspension by tendering the previous fine and the recommended $540 fine by April 24, 1995. Respondent did not pay the fines by this deadline.

{¶ 5} As part of the suspension order, respondent was required to notify clients and opposing counsel of her suspension by September 11, 1995. She did not comply with these or other terms of her suspension and instead continued to present herself as a licensed attorney and actively engage in the practice of law. From October 1995 through June 2002, respondent appeared as counsel of record in over 40 cases pending in the Hamilton County Court of Common Pleas.

{¶ 6} From these facts, the board found that respondent had violated DR 1–102(A)(4) (barring conduct involving dishonesty, fraud, deceit, or misrepresentation), 1–102(A)(5) (barring conduct prejudicial to the administration of justice), 3–101(B) (barring an attorney from practicing law in violation of the rules of a jurisdiction), and Gov.Bar R. X(3)(A)(1) (requiring 24 credit hours of CLE each biennium).

## Count Two

{¶ 7} The board found that respondent repeatedly failed to comply with the attorney registration requirements of Gov.Bar R. VI. Respondent registered as inactive for the 1985–1987 biennium eight months late. For the 1987–1989 biennium, respondent registered as inactive nine months late. Respondent registered as active for the 1989–1991 and 1991–1993 biennia; however, she has not registered at all for the 1993–1995, 1995–1997, 1997–1999, 1999–2001, or 2001–2003 biennia. Additionally, respondent has failed to provide the Office of Attorney Registration with a current business or residential address. The board found that respondent had thereby violated Gov.Bar R. VI(1)(A) (requiring by September 1 of every odd-numbered year the timely filing of a certificate of registration) and Gov.Bar R. VI(1)(D) (requiring that lawyers update attorney registration records with their current residence and office address).

## Count Three

{¶ 8} The board found that respondent had acted illegally, dishonestly, and to the prejudice of her clients as alleged in Count Three of the complaint. The board also found further evidence that respondent had continued to misrepresent her status as a licensed attorney.

{¶ 9} In October 2000, respondent was hired as a lawyer for a Cincinnati law firm. She did not reveal to the law firm that her license was under suspension. Respondent represented clients during her tenure with the firm, from which she was later dismissed for the following improprieties.

{¶ 10} Respondent represented two clients in a federal court case involving the couple's son. In October 2001, respondent retained Legal Advantage, a legal resource company, to prepare an appellate record in the proceedings. The company charged $7,101 for its services. Respondent told her co-counsel that their clients would pay Legal Advantage's bill over time if the law firm advanced payment to Legal Advantage on the clients' behalf. Respondent's co-counsel later drafted a memorandum of understanding that reflected the clients' agreement to repay the law firm and gave the memorandum to respondent to obtain the clients' signatures.

{¶ 11} In June 2002, respondent returned the memorandum to co-counsel bearing signatures purporting to be the clients'. But in late July 2002, the co-counsel discovered that the clients had not signed the document and that respondent had told the couple that she was assuming responsibility for paying Legal Advantage's fee. In December 2002, respondent acknowledged to members of the law firm that she had forged the clients' signatures. By that time, the law firm had also discovered that respondent had been practicing without a valid license and fired her.

{¶ 12} From these facts, the board found that respondent had violated DR 1–102(A)(3) (barring illegal conduct involving moral turpitude), 1–102(A)(4), 3–101(B), and 7–101(A)(3) (barring a lawyer from causing clients prejudice or damage).

Counts Four and Five

{¶ 13} Counts Four and Five each alleged that a client had paid respondent for representation in a domestic relations case and that respondent failed to perform as promised. The board found evidence to support respondent's neglect of both clients, among other misconduct. Relator, however, did not submit evidence to establish that respondent had ever committed misconduct in representing the client identified in Count Five. See Gov.Bar R. V(6)(F)(1)(b) (sworn or certified documentary prima facie evidence required to sustain allegations in a motion for default).

{¶ 14} As to Count Four, the board found that a client had retained respondent in June 2001 to represent her in a marital dissolution. Respondent accepted a $1,000 fee from the client, notwithstanding that respondent did not have a valid license to practice. By September 2001, respondent had still not provided a document she had promised to prepare for the client, nor had she returned the client's telephone calls for over a month. The client dismissed respondent and requested the return of at least half her fee. The board found that respondent had thereby violated DR 3–101(B), 6–101(A)(3) (barring neglect of a legal matter), 7–101(A)(1) (requiring a lawyer to seek a client's lawful objectives), 7–101(A)(2) (failure to carry out a contract of employment), and 7–101(A)(3).

## Sanction

{¶ 15} Adopting the master commissioner's report, the board found that before and during the disciplinary proceedings, respondent had been given ample encouragement and opportunity to begin to rectify the gravity of her situation but had refused to comply. The board also acknowledged an August 13, 2002 letter sent in response to an investigative inquiry in which respondent had described hardships and other factors that supposedly contributed to her misconduct. In explanation of why she had failed to register properly or at all as an attorney, respondent cited a difficult marital separation in 1992 brought about by her ex-husband's alleged alcohol and drug abuse, the financial distress that she and her two small children thereafter experienced, and the breakdown that she suffered in August of the same year. Respondent also noted the serious health problems of one of her sons, now 19. In addition, respondent claimed that for lack of notice, she did not learn of her suspension until June 17, 2002. In view of the duration and gravity of her misconduct, the board did not consider this claim or respondent's hardships to be of any mitigating effect.

{¶ 16} As a sanction for respondent's numerous violations of the Code of Professional Responsibility, the board recommended, consistently with the master commissioner's report, that respondent's license to practice law be permanently revoked.

{¶ 17} Upon review, we adopt the board's report insofar as the findings of misconduct under Counts One through Four and the attendant violations of DR 1–102(A)(3), 1–102(A)(4), 1–102(A)(5), 3–101(B), 6–101(A)(3), 7–101(A)(1), 7–101(A)(2), and 7–101(A)(3) and Gov.Bar R. X(3)(A)(1), VI(1)(A), and VI(1)(D). We also find permanent disbarment to be appropriate.

{¶ 18} To the extent that the argument is even before us, we first reject respondent's professed obliviousness to our August 11, 1995 suspension order. Respondent complains that notice of our order was sent to two of her former addresses of record and not to a new address, of which she claims she had apprised the Office of Attorney Registration around July 21, 1995.

{¶ 19} No evidence in this record establishes that respondent was served at her new address. But even if respondent did not receive actual notice of the suspension order, she clearly knew that her license was in jeopardy. We know that she received actual notice of our March 24, 1995 order to show cause because in June 1995, she attempted to pay the $700 and $540 fines. Her payments were returned, apparently as untimely under the deadline established in that order. From this and the fact that respondent did not appear in response to the show cause order, we conclude that respondent reasonably knew that an order suspending her license was imminent.

{¶ 20} Further, we do not accept respondent's claim that she had no notice of her suspension. Respondent has already demonstrated dishonesty. She has also shown that she will not conform to the disciplinary regulations by participating in the process despite unmistakable awareness of proceedings against her. We are confident that respondent did not conduct herself any differently in the proceedings to enforce her CLE compliance.

{¶ 21} Respondent engaged in a 17–year campaign of misconduct, commencing with relatively minor administrative reporting infractions and leading up to deceit, forgery, and practicing law without a license for years, in defiance of our order. Respondent has presented no persuasive evidence of mitigation and has aggravated her cause by not participating in her defense in any meaningful way. Disbarment is required.

{¶ 22} Having found the foregoing misconduct, we also adopt the recommendation to disbar. Respondent is therefore permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Jonathan E. Coughlan, Disciplinary Counsel, and Lori J. Brown, First Assistant Disciplinary Counsel, for relator.